# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

Milique Wagner

Plaintiff(s)

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Please see attached

Defendant(s)

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Case No. ____________________

*(to be filled in by the Clerk's Office)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

The Clerk will not file a civil complaint unless the person seeking relief pays the entire filing fee (currently $350) and an administrative fee (currently $50) in advance, or the person applies for and is granted in forma pauperis status pursuant to 28 U.S.C. § 1915. A prisoner who seeks to proceed in forma pauperis must submit to the Clerk (1) a completed affidavit of poverty and (2) a copy of the trust fund account statement for the prisoner for the six month period immediately preceding the filing of the complaint, obtained from and certified as correct by the appropriate official of each prison at which the prisoner is or was confined for the preceding six months. See 28 U.S.C. § 1915(a)(2).

If the Judge enters an order granting a prisoner's application to proceed in forma pauperis, then the order will assess the filing fee (currently $350) against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct an initial partial filing fee equal to 20% of the greater of the average monthly deposits to the prison account or the average monthly balance in the prison account for the six-month period immediately preceding the filing of the complaint, as well as monthly installment payments equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00, until the entire filing fee has been paid. See 28 U.S.C. § 1915(b). **A prisoner who is granted leave to proceed in forma pauperis is obligated to pay the entire filing fee regardless of the outcome of the proceeding, and is not entitled to the return of any payments made toward the fee.**

CITY OF PHILADELPHIA,
DECTECTIVE PHILIP NORDO, INMATE No. 27933,
DETECTIVE GARY WHITE,
DETECTIVE TIMOTHY SCALLY,
POLICE OFFICER JUSTIN RIOS,
POLICE OFFICER WILLIAM GOLPHIN,
POLICE OFFICER DANIEL STEVENS.
Defendant(s)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Milique Wagner

All other names by which you have been known:

ID Number: KW-8222

Current Institution: SCI-Phoenix

Address: 1200 Mokychic Drive

Collegeville, PA 19426

*City* *State* *Zip Code*

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name: Please see attached

Job or Title *(if known)*:

Shield Number:

Employer:

Address:

*City* *State* *Zip Code*

☐ Individual capacity ☐ Official capacity

Defendant No. 2

Name: Please see attached

Job or Title *(if known)*:

Shield Number:

Employer:

Address:

*City* *State* *Zip Code*

☐ Individual capacity ☐ Official capacity

## I. The Parties to This Complaint

## B. The Defendant(s)

1. Defendant City of Philadelphia is a political subdivision of the Commonwealth of Pennsylvania and a municipal corporation, which was at all relevant times the employer of Detectives and supervisors, District Attorney Seth Williams and ADA Jude Conroy. It is authorized to sue or be sued in its own name. The City Philadelphia is and was at all times relevant to this complaint responsible for the policies, practice, and customs of the PPD and the DA's office.

2. Defendant Philip Nordo (Shield No. 936) was, at all times relevant to this complaint, a duly appointed and active officer of the PPD acting within the scope of his employment and color of law pursuant to statutes, ordinances, regulations, policies, customs, and usage of the City of Philadelphia and the PPD. Upon information and belief, he is entitled to indemnification under statute and by contract and was a Detective in the Homicide Unit at the time of this investigation. He is sued in his Official capacity,

3. Defendant Gary White (Shield No. 8104) was, at all time relevant to this complaint, a duly appointed and active officer of the PPD acting within the scope of his employment and under color of law pursuant to statute, ordinances, regulations, policies, customs, and usage of the City of Philadelphia and the PPD. Upon information and belief, he is entitled to indemnification under statute and by contract and was a Detective in the Homicide Unit at the time of this investigation. He is sued in his official capacity.

4. Defendant Timothy Scally (Shield No. 791) was, at all times relevant to this complaint, a duly appointed and active officer of the PPD acting within the scope of his employment and under color of law pursuant to statutes, ordinances, regulations, policies customs, and usage of the City of Philadelphia and the PPD. Upon information and belief, he is entitled to indemnification under statute and by contract and was a Detective in the Homicide Unit at the time of this investigation. He is sued in his official capacity.

5. Defendant Justin Rios (Shield No. 3330) was, at all times relevant to this complaint, a duly appointed and active officer of the PPD acting within the scope of his employment and under color of law pursuant to statutes, ordinances, regulations, policies, customs, and usage of the City of Philadelphia, Pennsylvania, as well as the State of Pennsylvania. Upon information and belief, and he is entitled to indemnification under statute and by contract. He is sued in his official capacity.

6. Defendant William Golphin (Shield No. 7035) was, at all times relevant to this complaint, a duly appointed and active officer of the PPD acting within the scope of his employment and under color of law pursuant to statutes, ordinances, regulations, policies, customs, and usage of the City of Philadelphia, Pennsylvania, as well as the State of Pennsylvania. Upon information and belief, and he is entitled to indemnification under statute and by contract. He is sued in his official capacity.

7. Defendant Daniel Stevens (Shield No. 5010) was, at all time relevant to this complaint, a duly appointed and active officer of the PPD acting within the scope of his employment and under color of law pursuant to statutes, ordinances, regulations, policies, customs, and usage of the City of Philadelphia, Pennsylvania, as well as the State of Pennsylvania. Upon information and belief, and he is entitled to indemnification under statute and by contract. He is sued in his official capacity.

Defendant No. 3

Name: Please see attached

Job or Title *(if known)*:

Shield Number:

Employer:

Address:

City / State / Zip Code

☐ Individual capacity ☐ Official capacity

Defendant No. 4

Name: Please see attached

Job or Title *(if known)*:

Shield Number:

Employer:

Address:

City / State / Zip Code

☐ Individual capacity ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Please see attached page 4 of 11 paragraph(s) 23-29

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

N/A

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Please see attached additional page(s) 2 of 11

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☒ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other *(explain)* ____________

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

Please see attached additional page(s) 4 of 11

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

8. This action is based on the extraordinary misconduct of detectives in the Philadelphia Police Department's Homicide division whose actions led to the wrongful arrest, prosecution, conviction, and incarceration of plaintiff Milique Wagner for a murder he did not commit. As a result of that misconduct, Mr. Wagner spent more than 12 1/2 years in prison.

9. On the evening of February 11, 2010, Philadelphia Police Officer Joseph Ewald and his partner received a radio call about a possible shooting having taken place on the 2500 block of Cecil B. Moore Avenue. N.T. 1/29/13 at 207-208. Several minutes later, officers arrived on the scene and a crowd directed them towards 26th street, where they discovered Braheem King a.k.a Braheem Young lying facedown in the snow with blood coming from his upper torso area. Id. at 209-220. King ultimately succumed to his injuries and the manner of death was determined to be homicide.

10. Philadelphia Police officers, Daniel Stevens and Justin Rios, were traveling in a marked patrol car when they also received a radio dispatch that gunshots had been fired in the area of 2500 Cecil B. Moore Avenue. N.T. 1/31/13, at 447-49. As the officers approached the area they received additional information that two black males wearing dark-colored hoodies were seen running southbound on 26th Street from Cecil B. Moore Avenue. Officer Stevens spotted Mr. Wagner and another Black male, both wearing hoodies, jogging on 24th Street. Id. at 54. Officer Rios yelled "stop, Police"; and Mr. Wagner stopped and put his hands up. Id. at 55. Officer Stevens frisked Mr. Wagner, handcuffed him, and transported him to the homicide unit of the Police Department for investigation. While in custody Mr. Wagner was interviewed/interrogated by Detective Philip Nordo. Detective Nordo sexually harrased and tried to solicit Mr. Wagner to engage in "Gay Porn". Mr. Wagner was released later on that evening.

11. On February 20, 2010, James Herman Adams was taken to the homicide division to give a statement concerning the shooting death of King. While in custody he was interviewed by Detectives Nordo and Timothy Scally.

12. During that interview detectives Nordo and Scally: Used coercive methods and fabricated the signatures on the photo of Mr. Wagner. Adams testified that Nordo paid him $20.00 to testify against Mr. Wagner.

13. On February 20, 2010, Detectives Nordo and Scally interviewed Amin Payne; During that interview detectives Nordo and Scally fabricated and coerced Payne's statement. It was also revealed that those detectives has a history of: Engaging in a pattern and practice of coercing and fabricating statement(s), through the use of force, duress, bribery, and other illegal, coercive methods. Payne was the primary witness against Mr. Wagner at trial. At trial Payne testified that he did the shooting. N.T. 2/1/13, at 126, 204. He also testified as to threats made to him during interview. Id. at 231.

14. Mr. Wagner was arrested and charged with Murder, and related offenses, on September 30, 2010, and while in custody Detective Nordo interviewed/interrogated Mr. Wagner. During that interview/interrogation Detective Nordo sexually harassed Mr. Wagner and tried to solicit him to engage in "Gay Porn".

15. Mr. Wagner was ultimately found guilty of first degree murder related offenses. He was sentenced life in prison on February 6, 2013.

16. Mr. Wagner appealed his conviction(s) and sentence(s) to the Superior court of Pennsylvania (which was affirmed on January 9, 2015), and to the Supreme Court of Pennsylvania (which was denied on October 13, 2015).

17. Mr. Wagner filed a timely petition under the Post Conviction Relief Act on December 2, 2015, which was dismissed on June 16, 2017. He filed an appeal to the Superior Court on July 3, 2017. The Superior Court denied his appeal on December 15, 2018.

18. Mr. Wagner filed a serial PCRA petition on March 11, 2019, which was followed by a supplemental PCRA petition on April 17, 2019, regarding the above/below listed misconduct of the Defendants. More importantly, Mr. Wagner became aware of Nordo's misconduct in or

about August of 2018, through newspaper articles.

19. Mr. Wagner's convictions and sentences were overturned on collateral review as a result of the egregious misconduct of the defendants.

20. The Commonwealth withheld exculpatory evidence from Mr. Wagner revealing the egregious misconduct of Detective Nordo; in which he engaged in a pattern and practice of coercing and fabricating statement(s) through the use of force, duress, bribery, an other illegal coercive methods.

21. The Commonwealth withheld exculpatory evidence from Mr. Wagner revealing: Amin Payne's neuropsychological evaluation reflecting that Payne's full scale IQ was 6.1., placing him in the 0.5 percentile or extremely low range fo intellectual functioning. The evaluation described Payne as presenting a classic picture of mental retardation. According to the social history report, Payne has been in an out of treatment for bipolar disorder, ADHD, and his behavior has displayed an unconfirmed diagnosis of schizophrenia for most of his life. He was first committed to a psychiatric hospital at age 10. At Payne's sentencing hearing, a mitigation specialist described how Payne's low intellectual functioning affected him: His IQ affects him in his everday life. He can't remember what he ate for breakfast the day before. He doesn't know simple things, such as how to count or make exchange. It was concluded that he will never be able to function on his own. This information was uncovered by the Conviction Integrity Unit (CIU).

22. The Commonwealth withheld exculpatory evidence from Mr. Wagner revealing an internal email sent by a Assistant District Attorney in connection with Payne's prosecution in the James Herman Adams shooting. On December 17, 2010, an ADA sent an email in which he noted that James Adams allegedly stated that Amin Payne was also one of the shooters in connection with the homicide of Braheem King; and the ADA believes that this was the motive for the shooting in that case. In another internal document dated May 1, 2010, an Assistant

District Attorney noted, homicide thinks Amin Payne was actually involved in the Braheem King shooting, too; so does our Commonwealth. And he (ADA) thinks that's why Amin Payne shot him. The CIU disclosed emails, notes of testimony, neuropsychological evaluation, and social history report(s) to (Payne's) counsel in *Brady* notice dated March 23, 2022.

**CLAIMS FOR RELIEF**
**FEDERAL CAUSES OF ACTION**
**42 U.S.C. § 1983**

23. Plaintiff Milique Wagner brings the below causes of action against the City of Philadelphia and the following who are collectively identifed as "individual defendants": ,Philip Nordo, Gary White, Timothy Scally, Justin Rios, William Golphin, Daniel Stevens.

**COUNT 1**
**Plaintiff v. Individual Defendants**
**Fabrication of Evidence**

24. The individual defendants fabricated evidence in support of prosecution against Mr. Wagner and/or aided and abetted the introduction of fabricated evidence. The fabrication of this evidence caused Mr. Wagner's wrongful conviction and, therefore, violated his right to a fair trial and due process of law under the Fourteenth Amendment to the United States Constitution.

**Count 2**
**Plaintiff v. Individual Defendants**
**Coercion**

25. The individual defendants coerced alleged Commonwealth witnesses Amin Payne and James Herman Adams into signing fabricated inculpatory statement(s) and/or aided and abtted the coercion of Amin Payne and James Herman Adams. This coercion caused Mr. Wagner's wrongful conviction and, therefore, violated his right to due process of law under the Fifth and Fourteenth Amendment(s) to the United States Constitution.

**Count 3**
**Plaintiff v. Individual Defendants**
**Deliberate Supression of Exculpatory Evidence and Violation of Brady v. Maryland**

26. By intentionally concealing and deliberately suppressing exculpatory evidence, the individual defendants violated Mr. Wagner's right to due process of law under the Fourteenth Amendment to the United States Constitution, and, additionally, the suppression of this evidence violated Mr. Wagner's right under *Brady v. Maryland.*

**Count 4**
**Plaintiff v. City of Philadelphia**
**Municipal Liability**

27. Defendant City of Philadelphia, with deliberate indifference, adopted and/or acquisced in policies, practices, and customs which were a moving force in the violation of Mr. Wagner's Constitutional rights, and further, defendant City of Philadelphia, with deliberate indifference, failed to properly train, supervise, and/or discipline officers and, as such, was a moving force in the violations of Mr. Wagner's Constitutional rights.

**Count 5**
**Plaintiff v. Individual Defendants**
**Supplemental Claim-Malicious Prosecution**

28. The individual defendants as described above, caused the malicious prosecution of Mr. Wagner, and, as such, committed the tort of malicious prosecution under the laws of the Commonwealth of Pennsylvania.

**Count 6**
**Plaintiff v. Individual Defendants**
**Cruel and Unusual Punishment**

29. The individual defendant's subjected Mr. Wagner to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution

C. What date and approximate time did the events giving rise to your claim(s) occur?

Please see attachment to page 4 of 11 Statement of Claims

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Please see attachment to page 4 of 11 Statement of Claims

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Please see attachment to page 5 of 11

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Please see attachment to page 5 of 11

## VI. Injuries:

29. Wagner has spent more than 12 years incarcerated for crime he did not commit. He must now attempt to make a life for himself without the benefit of those life experiences and resources that normally equip adult for that task.

30. As a direct result of Defendants' intentional, bad faith, willful, wanton, reckless, and/or deliberately indifferent acts and omissions, Wagner sustained injuries and damages, which continue to date and will continue into the future, including: loss of freedom for more than 12 years; physical pain and suffering; severe mental anguish; emotional distress; loss of family relationships; severe psychological damage; loss of property; legal expenses; losss of income and career opportunities; humiliation, indignities, and embarassment; degradation; permanent loss of natural psychological development; and restrictions on all forms of personal freedom including but not limited to diet, sleep, personal contact, educational opportunity, vocational opportunity, athletic opportunity, personal fulfillment, sexual activity, family relations, reading, television, movies, travel, enjoyment, and expression, for which he is entitled to monetary relief.

31. Additionally, the emotional pain and suffering caused by losing those years has been substantial. During his incarceration, Wagner was stripped of the various pleasures of basic human experience, from the simplest to the most important, which all free people enjoy as a matter of right. Wagner missed out on the ability to share holidays, birth, funerals and other life events with loved ones, the opportunity to fall in love, legally mary, and the fundamental freedom to live one's life as an autonomous human being.

32. Because of the foregoing, Wagner has suffered tremendous damage, including but not limited to physical harm, mental suffering, and loss of a normal life, all proximately caused by Defendants' misconduct. These damages continue to date and will continue into the future.

## VII. Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff(s) hereby demand trial to a jury

on all issues so triable in this action.

**WHEREFORE**, Plaintiff Wagner prays as follows:

A. That the Court award compensatory damages to Plaintiff and against all Defendants, jointly and severally, in an amount to be determined at trial;

B. That the Court award punitive damages to Plaintiff, and against all individual Defendants in their official capacity, in an amount to be determined at trial, that will deter such conduct by Defendants in the future;

C. For a trial by jury;

D. For pre-judgment and post-judgment interest and recovery of Plaintiff's costs, including reasonable attorney's fees pursuant to 42 U.S.C. § 1988 for 42 U.S.C. § 1983 claims; and

E. For any and all other relief to which Plaintiff may be entitled.

Date: March 10th, 2025.

Respectfully submitted,

[signature]

Milique Wagner, KW-8222

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☐ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

N/A

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

N/A

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

N/A

2. What did you claim in your grievance?

N/A

3. What was the result, if any?

N/A

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

N/A

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

N/A

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N/A

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

N/A

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) __________

   Defendant(s) __________

2. Court *(if federal court, name the district; if state court, name the county and State)*

   __________

3. Docket or index number

   __________

4. Name of Judge assigned to your case

   __________

5. Approximate date of filing lawsuit

   __________

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition. __________

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   __________

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☒ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) ______________________________

   Defendant(s) ______________________________

2. Court *(if federal court, name the district; if state court, name the county and State)*

   ______________________________

3. Docket or index number

   ______________________________

4. Name of Judge assigned to your case

   ______________________________

5. Approximate date of filing lawsuit

   ______________________________

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition ______________________________

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   ______________________________

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: March 10, 2025

Signature of Plaintiff: [signature]

Printed Name of Plaintiff: Milique Wagner

Prison Identification #: KW8222

Prison Address: 1200 Mockychic Drive

Collegeville (City) PA (State) 19426 (Zip Code)

### B. For Attorneys

Date of signing: ______

Signature of Attorney ______

Printed Name of Attorney ______

Bar Number ______

Name of Law Firm ______

Address ______

City ______ State ______ Zip Code ______

Telephone Number ______

E-mail Address ______

Milique Wagner # KW8222
1206 Mochychic Drive
Collegeville, Pa. 19426

quadient
FIRST-CLASS MAIL
IMI
$002.87º
03/14/2025 ZIP 19426
043M31248366
US POSTAGE

Office of the Prothonotary
United States District Court for the
Eastern District
601 Market st.
Phila, Pa. 19106

U.S.M.S. X-RAY

RECEIVED
MAR 17 2025