IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MILIQUE WAGNER,                       :
   Plaintiff,                       :
                         :
v.                                    :     CIVIL ACTION NO. 25-CV-1450
                         :
CITY OF PHILADELPHIA, *et al.*,        :
   Defendants.                      :

## ORDER

AND NOW, this 20th day of March, 2026, upon consideration of Milique Wagner's *pro se* Complaint (ECF No. 2), Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants City of Philadelphia, Police Officer Justin Rios, and Detective Timothy Scally (ECF No. 13), Wagner's Responses thereto (ECF Nos. 20, 37), Wagner's Response to Show Cause Order (ECF No. 32), and Wagner's Motion for Appointment of Counsel (ECF No. 6), it is **ORDERED** that:

1.     The Motion to Dismiss filed by Defendants City of Philadelphia, Police Officer Justin Rios, and Detective Timothy Scally (ECF No. 13) is **GRANTED IN PART AND DENIED IN PART** for the reasons stated in the Court's Memorandum as follows:

    a.  The claims alleged against Defendant Rios are **DISMISSED WITH PREJUDICE** for failure to state a claim.

    b.  Count 5 alleging Malicious Prosecution and Count 6 alleging Wrongful Imprisonment are **DISMISSED WITHOUT PREJUDICE** as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The dismissal is without prejudice to Wagner filing a new case seeking damages only in the event his underlying convictions are first reversed, vacated, or otherwise invalidated.

    c.   Count 4 alleging Municipal Liability against the City of Philadelphia is

    **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

    d.   The Motion is otherwise **DENIED**.

2.    Wagner's official capacity claims alleged against Defendants Scally, Rios, Stevens, Golphin, White are **DISMISSED WITH PREJUDICE**.

3.    Defendant Scally is **DIRECTED** to file a responsive pleading with regard to Wagner's individual capacity claims against him.  Fed. R. Civ. P. 12(a)(4)(A).

4.    All individual capacity claims alleged against Defendants White, Golphin, and Stevens are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

5.    Wagner's Motion to Appoint Counsel (ECF No. 6) is **DENIED**. Wagner of course remains free to retain counsel.

6.    The Clerk of Court is **DIRECTED** to **TERMINATE** Rios, Stevens, White, and Golphin as Defendants in this action.

7.    Wagner is given thirty (30) days to file an amended complaint in the event he can allege additional facts to state plausible claims against the City of Philadelphia.  Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Wagner's claims against each defendant.  The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.  **This means that if Wagner files an amended complaint, he must reallege all claims that have not yet been dismissed, including all supporting factual allegations, or those claims will be deemed to have been abandoned**.  When drafting his amended complaint, Wagner should be mindful of

the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8.     Wagner may also notify the Court that he seeks to proceed only on the claims currently deemed to be proceeding rather than file an amended complaint.  If he files such a notice, Wagner is reminded to include the case number for this case, 25-1450.

9.     If Wagner does not file an amended complaint or a notice of his intent to proceed on the present claims **within thirty (30) days**, the Court will enter an appropriate case management order.

**BY THE COURT:**

*s/ Catherine Henry*
_____
**CATHERINE HENRY, J.**