**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MILIQUE WAGNER,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-CV-1450** |
| | : | |
| **CITY OF PHILADELPHIA, *et al.*,** | : | |
| **Defendants.** | : | |

**ORDER**

**AND NOW**, this 1st day of June 2026, upon consideration of Defendant Timothy Scally's Motion for Clarification and Reconsideration of this Court's May 26, 2026 Order (ECF No. 53), it is **ORDERED** that:

1. Scally's Motion for Clarification and Reconsideration of the Order is **GRANTED**.[1]

[1] The Court has "inherent power over interlocutory orders and may reconsider an interlocutory order when it is consonant with justice to do so." *McCowan v. City of Philadelphia*, No. 19-3326, 2020 WL 6262182, at *2 (E.D. Pa. Oct. 23, 2020) (internal quotation marks and citations omitted). Some courts in this Circuit embrace a standard for reconsideration in this posture akin to that under Rule 59(e), which requires "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Gillman v. AAA Mid-Atl. Ins. Grp.*, No. 23-3757, 2024 WL 4466674, at *1 (E.D. Pa. Oct. 9, 2024). Others assess "whether reconsideration is 'consonant with justice.'" *Id.* (quoting *Qazizadeh v. Pinnacle Health Sys.,* 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016)). The relief sought in Scally's motion meets either standard because it is consonant with justice and necessary to avoid injustice.

In the March 20, 2026 Order granting in part and denying in part the Motion to Dismiss, the Court directed Scally to file a responsive pleading pursuant to Federal Rules of Civil Procedure 12(a)(4)(A). (*See* ECF No. 43 at ¶3.) Under that Rule, if the Court denies a motion to dismiss, as it did here with respect to the due process claims alleged against Scally individually, "the responsive pleading must be served within 14 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4)(A). Scully's responsive pleading was thus due on or before April 3, 2026. As Scally acknowledges in the motion, he never filed an answer or motion for an extension of time; rather, "counsel mistakenly waited until Plaintiff filed his Amended Complaint before filing a responsive pleading." (ECF No. 53 at 7.) Wagner did not file a motion for default, but because Scally had failed to file the responsive pleading referenced in the March 20, 2026 Order, this Court redirected him to that prior Order. (ECF No. 52 at ¶2.)

2. The Court's Order entered on May 26, 2026 (ECF No. 52) is **VACATED IN PART** as follows:

a. Paragraphs 2 and 3 of the Order are **STRICKEN.**

b. The Moving Defendants, including the City of Philadelphia and Scally, shall have until Friday, June 5, 2026 to file a Reply to Plaintiff Milique Wagner's Response in Opposition to the Motion to Dismiss (ECF No. 51), if they wish to do so.

3. The Court will rule on the Motion to Dismiss the Amended Complaint (ECF No. 49) in due course.

**BY THE COURT:**

s/ Catherine Henry

**CATHERINE HENRY, J.**

---

Scally correctly notes, however, that Wagner's filing of an Amended Complaint rendered the original Complaint a nullity, so now only the allegations in the Amended Complaint govern in this case. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("[A]n amended pleading supersedes the original pleading and renders the original pleading a nullity." (citations omitted)). Scally will therefore be allowed to respond to the allegations made in the Amended Complaint through the Motion to Dismiss the Amended Complaint that he and the City filed on May 7, 2026. The Court accordingly partially vacates the May 26, 2026 Order insofar as it denied the Motion to Dismiss as to Scally and directed him to file an answer.

The City of Philadelphia and Scally are cautioned to carefully read and abide by the Orders of this Court and the Federal Rules in the future.