**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MILIQUE WAGNER,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-CV-1450** |
| | : | |
| **CITY OF PHILADELPHIA, *et al.*,** | : | |
| **Defendants.** | : | |

**ORDER**

AND NOW, this 16th day of November, 2026, upon consideration of Defendants City of Philadelphia's and Detective Timothy Scally's Motion to Dismiss the Amended Complaint (ECF No. 49) and Plaintiff Milique Wagner's Response thereto (ECF No. 51), it is **ORDERED** that:

1. The Motion is **GRANTED IN PART** and **DENIED IN PART** for the reasons stated in the Court's accompanying Memorandum.

2. The Complaint is **DISMISSED WITH PREJUDICE** and **WITHOUT PREJUDICE** for the reasons in the Memorandum as follows:

   a. The Fabrication of Evidence, Brady Violation, and Municipal Liability Claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

   b. The Claim alleging Failure to Intervene with alleged Fabrication of Evidence and a Brady Violation is **DISMISSED WITH PREJUDICE** because Defendants are entitled to Qualified Immunity.

   c. The remainder of the Amended Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

   d. Wagner is **GRANTED LEAVE** to file a second amended complaint as set forth in paragraph three (3) of this Order.

3. Wagner may file a second amended complaint within thirty (30) days of the entry of this Order. Any second amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for Wagner's claims against each defendant. **The second amended complaint shall be a complete document that does not rely on the initial Complaint, Amended Complaint, or other papers filed in this case to state a claim. The pleading must contain all claims that Wagner seeks to pursue but Wagner may NOT reassert a claim already dismissed with prejudice. Any claim not included will be deemed to be abandoned.** When drafting his second amended complaint, Wagner should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained in the Court's Memorandum.

4. The Clerk of Court is **DIRECTED** to send Wagner a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number. Wagner may use this form to file his second amended complaint if he chooses to do so.

5. If Wagner does not wish to amend his Amended Complaint and instead intends to stand on his Amended Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*,

532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

6. If Wagner fails to file any response to this Order, the Court will conclude that Wagner intends to stand on his Amended Complaint and will issue a final order dismissing this case.[*] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

s/ Catherine Henry

**CATHERINE HENRY, J.**

[*] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).